Opinion filed July 9, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed July 9, 2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00292-CR

                                           __________

 

                                 DAVID CRAIG HOWARD, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 29th District Court

 

                                                       Palo
Pinto County, Texas

 

                                                    Trial
Court Cause No. 13742

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
jury convicted David Craig Howard of possession of methamphetamine in a
correctional facility, and the trial court assessed punishment at confinement
for thirty-five years.  We dismiss.

Appellant=s court-appointed counsel
has filed a motion to withdraw.  The motion is supported by a brief in which
counsel professionally and conscientiously examines the record and applicable
law and states that she has concluded that the appeal is frivolous.  Counsel
presents five potential issues.








In
three potential issues, counsel examines the sufficiency of the evidence.  As
counsel notes, the record does not support the conclusions that the evidence is
legally or factually insufficient.  Mineral Wells Police Officer Gary Chipps
testified that, while appellant was in the Mineral Wells city jail, a folded
dollar bill was recovered from appellant.  Inside the dollar bill, officers
found a white powdery substance that was later identified as methamphetamine. 
The evidence is both legally and factually sufficient to support the verdict.  Jackson
v. Virginia, 443 U.S. 307, 319 (1979); Laster v. State, 275 S.W.3d
512, 517 (Tex. Crim. App. 2009).  The second, third, and fourth potential
issues are overruled.

In
the fifth potential issue, counsel examines the effectiveness of trial
counsel.  We agree with counsel=s
conclusion that the record does not support a claim of ineffective assistance
and with counsel=s
position that the record, in fact, supports the proposition that appellant was
provided with effective assistance at trial.  Wiggins v. Smith, 539 U.S.
510 (2003); Strickland v. Washington, 466 U.S. 668 (1984); Andrews v.
State, 159 S.W.3d 98 (Tex. Crim. App. 2005); Hernandez v. State, 988
S.W.2d 770 (Tex. Crim. App. 1999).  The fifth potential issue is overruled.

In
the first potential issue and included in the arguments under the other
potential issues, counsel examines whether reversible error was committed and
whether appellant received a fair and impartial trial.  The record supports
counsel=s conclusions
that error, if any, was not harmful and that appellant received a fair and
impartial trial.  The first potential issue as well as the various arguments
are overruled.

Counsel
has provided appellant with a copy of the brief and advised appellant of his
right to review the record and file a response to counsel=s brief.  A response has
been filed. Court-appointed counsel has complied with the requirements of Anders
v. California, 386 U.S. 738 (1967); In re Schulman, 252 S.W.3d 403
(Tex. Crim. App. 2008); Stafford v. State, 813 S.W.2d 503 (Tex. Crim.
App. 1991); High v. State, 573 S.W.2d 807 (Tex. Crim. App. 1978); Currie
v. State, 516 S.W.2d 684 (Tex. Crim. App. 1974); Gainous v. State,
436 S.W.2d 137 (Tex. Crim. App. 1969); Eaden v. State, 161 S.W.3d 173
(Tex. App.CEastland
2005, no pet.).








In
his pro se response, appellant brings three challenges to his conviction:  the
evidence is legally insufficient; the indictment failed to give proper notice
of the penal statute and the offense; and the trial court erred in failing to
suppress evidence seized in violation of his right to be AMirandized.@[1] 
The Texas Court of Criminal Appeals stated in Bledsoe v. State, 178
S.W.3d 824, 826-27 (Tex. Crim. App. 2005), that the court of appeals is to
review appellant=s pro
se claims and examine the record in order to determine whether the record
reflects no reversible error and, therefore, the appeal should be dismissed or
whether arguable grounds exist and, therefore, new counsel should be
appointed.  We have complied with the requirements in Bledsoe and have
found no reversible error.

Following
the procedures outlined in Anders, we have independently reviewed the
record, and we agree that the appeal is without merit.  We note that counsel
has the responsibility to advise appellant that he may file a petition for
discretionary review by the Texas Court of Criminal Appeals.  Ex parte Owens,
206 S.W.3d 670 (Tex. Crim. App. 2006).  Likewise, this court advises appellant
that he may file a petition for discretionary review pursuant to Tex. R. App. P. 66.  Black v. State, 
217 S.W.3d 687 (Tex. App.CEastland
2007, no pet.). 

The
motion to withdraw is granted, and the appeal is dismissed.

 

 

PER CURIAM

 

July 9, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Miranda v. Arizona, 384 U.S. 436  (1966).